UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOWARD WILLIAM P., | Case No. 1:24-cv-00477-AKB-DKG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending before the Court is Plaintiff's Petition for Review of the Commissioner of Social Security's denial of Disability Insurance Benefits (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons explained below, the Court adopts the Report and Recommendation of the United States Magistrate Court (Dkt. 22), overrules Plaintiff's objections (Dkt. 23), and affirms the ALJ's decision.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on March 15, 2022, originally alleging disability beginning September 6, 2021 (Dkt. 22 at 2). He was sixty-two years old on the amended onset date and has some college education with past relevant work as an engineering technician and a process engineer (*id.*). The ALJ found multiple severe impairments and determined that none of them, singly or in combination, met or equaled a listed impairment (*id.* at 3).

**MEMORANDUM DECISION AND ORDER  ADOPTING REPORT AND RECOMMENDATION – 1**

The ALJ assessed a residual functional capacity (RFC) for light work with exertional, postural, and environmental restrictions (Dkt. 10 at 27–28). The ALJ concluded that because Plaintiff could perform past relevant work as a process engineer, he was not disabled (Dkt. 22 at 4). The ALJ ultimately concluded that Plaintiff was not disabled from September 6, 2021, through February 28, 2024—the date of the decision (Dkt. 10 at 33).

After the Appeals Council denied review (Dkt. 1-1 at 2), Plaintiff sought judicial review in this Court on October 10, 2024 (Dkt. 1). The case was referred to the Magistrate Court, who issued a Report and Recommendation (R&R) on February 6, 2026, recommending the ALJ's decision be affirmed (Dkt. 22). Plaintiff filed objections on February 18 (Dkt. 23), and the Commissioner responded on March 4 (Dkt. 24).

## II.    OBJECTIONS

Plaintiff raises two objections to the R&R. First, he argues that the Magistrate Court erred in finding that the ALJ's error in failing to comply with 20 C.F.R. § 404.1520c is harmless (Dkt. 23 at 2). Second, Plaintiff objects to the Magistrate Court's finding that the ALJ adequately explained the discrepancy between her contrary findings in this decision (*id.* at 3).

## III.    LEGAL STANDARD

The Court reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1). The ALJ's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is more than a mere scintilla but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER  ADOPTING REPORT AND RECOMMENDATION – 2**

## IV.    ANALYSIS

### A.    Stooping Restriction

Plaintiff objects to the Magistrate Court's recommendation to uphold the ALJ's decision despite an inconsistency between the RFC and the opinion of Michael Spackman, M.D.M..S., which the ALJ found very persuasive, as it relates to stooping (Dkt. 23 at 2). He contends that the Magistrate Court improperly relied on a lay interpretation of vocational evidence in concluding that the error was harmless (*id.*).

The Court recognizes that the ALJ's finding that Plaintiff can frequently stoop (Dkt. 10 at 27–28) is seemingly in conflict with Spackman's opinion stated that Plaintiff's postural activities should be limited to "occasional" (*id.* at 1027). The Court agrees with the Magistrate Court's recommended finding that the ALJ erred by failing to articulate the reason for assessing an RFC limitation for stooping that was both greater than and different from Spackman's opinion. The Magistrate Court, however, found that this error was harmless because the ALJ's determination that Plaintiff could return to his past relevant work as a process engineer—which is defined as light work with no stooping requirement—is consistent with Spackman's opinion that Plaintiff can occasionally stoop (Dkt. 22 at 8–10). Thus, even if the ALJ adopted Spackman's opinion of occasional stooping, the decision still supports the ALJ's ultimate disability determination that Plaintiff could perform his past relevant work as a process engineer.

Plaintiff maintains that the ALJ's error was not harmless because the description in the Dictionary of Occupational Titles (DOT) states that the work of a process engineer does not require stooping "is at odds with Social Security Rule 83-14" (Dkt. 23 at 2). He explains that the "ruling clarifies that, in order to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would need to be able to stoop, at least, occasionally" (*id.*). He then characterizes the Magistrate Court's interpretation of the DOT job description as a "lay

**MEMORANDUM DECISION AND ORDER  ADOPTING REPORT AND RECOMMENDATION – 3**

interpretation of a vocational issue which was not addressed during the hearing because the ALJ omitted a key restriction from the RFC and from the hypothetical which the VE was asked to assume" (*id.*). Thus, according to Plaintiff, a vocational expert is required to interpret DOT 012.167-042 (*id.*).

The Court disagrees. As noted by the Commissioner, the Magistrate Court merely read the process engineer description contained in DOT 012.167-042, which states, "Stooping: Not Present - Activity or condition does not exist." And contrary to Plaintiff's assertion, SSR 83-14 provides that "*most* light jobs" require the worker "to do occasional bending of the stooping type," not *all* light jobs. Nothing in SSR 83-14 precludes the more specific description in the process engineer DOT entry from clarifying the physical requirements for that particular job. Accordingly, SSR 83-14 and DOT 012.167-042 are not in conflict. Nor is a vocational expert required to interpret this information. *See* 20 C.F.R. § 404.1566(d)(1) (providing for administrative notice of job information available in the DOT). The Court, therefore, overrules Plaintiff's first objection.

**B.     Mental RFC Assessment**

Plaintiff next objects to the Magistrate Court's recommended finding that the ALJ adequately explained the discrepancy between her findings at step two and the mental RFC assessment (Dkt. 23 at 3). Plaintiff argues that the Magistrate Court erred in finding that the ALJ reconciled her mental findings under the paragraph "B" criteria at step two of the sequential evaluation process with the limitations assessed in the mental RFC by "craft[ing] a logical bridge which the ALJ did not build" (*id.*). Plaintiff posits that the Court should reject the Magistrate Court's finding of no error in the ALJ's failure to explain the discrepancy between the mental limitations found at step two and the RFC, which contains no mental limitations (*id.* at 4).

The Court disagrees. The ALJ found that Plaintiff had mild limitations in (1) concentrating, persisting, or maintaining pace, and (2) adapting or managing oneself (Dkt. 10 at 25–26). As the

MEMORANDUM DECISION AND ORDER  ADOPTING REPORT AND RECOMMENDATION – 4

Magistrate Court explained, the ALJ's RFC assessment included discussion of Plaintiff's handwritten report, hearing testimony, the third-party report of Plaintiff's spouse, treatment records, and medical opinion evidence (Dkt. 22 at 13–15) (citing Dkt. 10 at 28–32)). Though the ALJ did not repeat her paragraph B findings in the RFC discussion, she discussed many of the same records underlying those findings, including, at times, conflicting reports (*see, e.g.*, Dkt. 10 at 30 (noting "[Plaintiff's] statements about the intensity, persistence, and limiting effects of [his] symptoms," are "inconsistent with his reported daily activities and his spouse's report of his volunteer work as prison chaplain")). The ALJ then considered the medical opinion evidence from Spackman and Scott Culpepper, M.D., finding Spackman's opinion very persuasive and Culpepper's not persuasive (*id.* at 31). She also evaluated the two prior administrative medical findings, which she found partially persuasive and persuasive, both of which concluded that Plaintiff had a mild limitation but could perform his past relevant work (*id.* at 31–32).

Contrary to Plaintiff's assertions, the Magistrate Court's findings on the ALJ's analysis was not based on post hoc rationalizations or attempts to infer conclusions the ALJ did not articulate. Rather, the Magistrate Court examined the actual reasons the ALJ provided for her RFC findings. On this record, the Court finds no inconsistency between the mental limitations identified at step two and absence of corresponding restrictions in the RFC. The Court agrees with the Magistrate Court's assessment that the ALJ properly considered the totality of the evidence in setting the RFC, including Plaintiff's mental limitations, and explained the reasoning for the RFC assigned.

Because the ALJ reasonably resolved the evidentiary conflicts and grounded the analysis in the longitudinal record, the Court finds that substantial evidence supports the mental RFC

determination. The Magistrate Court correctly concluded that no legal error occurred, and the Court overrules Plaintiff's second objection.

## V.    CONCLUSION

Having conducted a de novo review, the Court finds that the ALJ's decision is supported by substantial evidence and is free of legal error. The Magistrate Court's Report and Recommendation (Dkt. 22) is adopted in full.

## VI.    ORDER

**IT IS ORDERED**:

1.  Plaintiff's Objections (Dkt. 23) are **OVERRULED**.

2.  The Report and Recommendation (Dkt. 22) is **ADOPTED**.

3.  The ALJ's decision denying benefits is **AFFIRMED**.

4.  This action is **DISMISSED** in its entirety with prejudice.

DATED: April 24, 2026

Amanda K. Brailsford
U.S. District Court Judge